NOTICE

Decision filed 08/30/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190333-U

NO. 5-19-0333

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEFF TACINA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-SC-3035 |
| | ) | |
| U.S. BANK, | ) | Honorable |
| | ) | Clarence W. Harrison II, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court correctly dismissed the plaintiff's complaint alleging that a bank "improperly charged" him late rental fees for his safe deposit boxes at the bank where the complaint contained only this conclusory allegation, and therefore failed to state a cause of action upon which relief could be granted, and where the consumer safe deposit box contract between the parties authorized the assessment of such fees.

¶ 2    The plaintiff, Jeff Tacina, appeals the July 10, 2019, order of the circuit court of Madison County that dismissed his amended small claims complaint against the defendant, U.S. Bank (Bank). For the following reasons, we affirm.

¶ 3                                            I. BACKGROUND

¶ 4    On September 13, 2018, the plaintiff filed, *pro se*, a small claims complaint against the Bank in the circuit court of Madison County, alleging that the Bank owed him "$10,000 for

1

overcharging [him] fees for [his] safe deposit box." On November 2, 2018, the Bank filed a motion to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). First, the Bank pointed out that the allegation that the Bank was overcharging the plaintiff was conclusory in nature and failed to state a cause of action. Second, the Bank argued that the plaintiff's claim was barred by the express terms of five safe deposit box lease agreements, which authorized the imposition of late fees for failure to make timely payments on the rental of the plaintiff's safe deposit boxes.

¶ 5    The Bank attached the affidavit of Karen Schenewerk, its district operations manager, who averred that the plaintiff maintained five safe deposit boxes at the Bank, the first one of which he opened in 2003. Ms. Schenewerk further averred that each safe deposit box is governed by a deposit account agreement, and a safe deposit box lease agreement, and all these agreements were attached to the motion to dismiss. Pursuant to the agreements, the plaintiff would be charged the fees outlined in the safe deposit box fees schedule, including a late payment fee if the deposit box rent payment is not paid when due. On January 2, 2019, after hearing oral argument, the circuit court granted the Bank's motion to dismiss without prejudice and provided leave for the plaintiff to file an amended complaint.

¶ 6    On April 17, 2019, the plaintiff filed an amended small claims complaint, this time claiming that the improper fees the Bank charged him amounted to $1660. He attached all the late notices from the Bank that he received in which he was assessed these late fees. On May 1, 2019, the Bank filed another motion to dismiss on the basis that the plaintiff's amended complaint failed to state a cause of action and that the plaintiff's agreement to be assessed late fees constituted affirmative matter barring any claim the plaintiff may have. On July 10, 2019, the circuit court

2

entered an order granting the Bank's motion to dismiss with prejudice. On August 7, 2019, the plaintiff filed a *pro se* notice of appeal.

¶ 7                                          II. ANALYSIS

¶ 8     We review the circuit court's decision to dismiss a complaint *de novo*. *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161 (2009). In his *pro se* brief on appeal, the plaintiff argues that the circuit court erred in dismissing his complaint against the Bank because section 12182(b)(2)(A)(ii) of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12182(b)(2)(A)(ii) (2018)) required the Bank to waive the fees at issue as a reasonable modification in its policies and procedures to accommodate his disability caused by Asperger's syndrome.[1] However, the plaintiff never raised this argument in the circuit court, and neither his complaint nor his amended complaint makes any reference to the ADA whatsoever. A party may not advance a new theory of recovery on appeal and doing so results in forfeiture of that issue on appeal. *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 47.

¶ 9     Forfeiture notwithstanding, we find that the plaintiff has no cause of action for money damages against the Bank for any alleged violation of section 12182(b)(2)(A)(ii) of the ADA (42 U.S.C. § 12182(b)(2)(A)(ii) (2018)). The only type of enforcement that Congress has made available to a private plaintiff (see *id.* § 12188(a)(1)) is set forth in section 2000a-3(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000a-3 (2018)), which specifically limits the remedy to a civil

---

[1]In his brief, the plaintiff cites to "section 36.302 of the [ADA]," when describing the statute that "requires businesses to make reasonable modifications to their policies and procedures and practices to accommodate people with disabilities." However, this court finds this to be a nonexistent citation, and finds that the provision the plaintiff is describing can be found in section 12182(b)(2)(A)(ii) of the ADA (42 U.S.C. § 12182(b)(2)(A)(ii) (2018)), which defines discrimination against a person with disabilities by a place of public accommodation, *inter alia*, as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford [its] goods, services, facilities, privileges, advantages, or accommodations" to such individuals.

3

action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other such order. Accordingly, the ADA does not provide a basis for reversal of the circuit court's order dismissing the plaintiff's complaint, which sought money damages for the Bank's alleged improper imposition of late fees. The plaintiff provides this court with no other argument for reversing the circuit court's order and accordingly has forfeited any further arguments. See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020) (points not argued in the appellant brief are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing).

¶ 10    Again, forfeiture notwithstanding, we find that the circuit court did not err in dismissing the plaintiff's amended complaint because it failed to state a cause of action that would afford the plaintiff the relief he requested. The complaint only contained the conclusory allegation that the fees were improper but gave no legal basis for that allegation. See *Tedrick*, 235 Ill. 2d at 161 (the plaintiff must allege sufficient facts to bring a claim within a legally recognized cause of action to survive dismissal pursuant to section 2-615 of the Code). In addition, the Bank produced an affidavit along with the contracts for the safe deposit boxes, in which the plaintiff agreed to the imposition of the fees about which he complains. See *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29 (2003) ("affirmative matter" is something that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint). For these reasons, the circuit court did not err in dismissing the plaintiff's amended complaint pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2018)).

¶ 11                                III. CONCLUSION

¶ 12    For the foregoing reasons, we affirm the July 10, 2019, order of the circuit court of Madison County that dismissed the plaintiff's amended small claims complaint.

4

¶ 13   Affirmed.